UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARENCE EVANS,

                              Plaintiff,

                                                                                   <u>DECISION AND ORDER</u>

                                                                                    01-CV-6046L

                    v.

SGT. ARNOLD J. JONATHAN, et al.,

                              Defendants.
_____

      Plaintiff's motion for appointment of counsel (Dkt. #64) is denied without prejudice. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62. *See also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) ("There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters, unlike most criminal cases.").

Having reviewed the complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this time. Plaintiff has drafted coherent and appropriate pleadings and motions. The issues presented are not unusually complex and, at least at this point in time, plaintiff has shown that he is capable of prosecuting his case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 21, 2005.