UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARENCE EVANS,

                              Plaintiff,

                                                                                         <u>DECISION AND ORDER</u>

                                                                                          01-CV-6046L

                          v.

SGT. ARNOLD J. JONATHAN,
C.O. LANCE M. LEWIS,
C.O. HERBERT P. KUEHN,

                              Defendants.
_____

      Plaintiff, Clarence Evans, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants have violated his rights under the Eighth Amendment to the United States Constitution.

      There having been no activity in this case since 2006, on March 24, 2008 the Court issued an Order to Show Cause pursuant to Rule 41.2 of the Local Rules for the Western District of New York, which provides that in a civil case in which no action has been taken by the parties in six months, "the Court may order the parties to show cause why the action should not be dismissed for failure to prosecute," and that if the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

On March 31, 2008, the copy of the Order to Show Cause that was mailed to plaintiff at his last known address, Sing Sing Correctional Facility, was returned by the United States Postal Service as undeliverable. According to the DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, plaintiff was released from custody on February 8, 2007.

The Local Rules require all *pro se* litigants to furnish the Court with a current address at all times. Local Rule 5.2(d) expressly provides that "[f]ailure to do so may result in dismissal of the case with prejudice." Since plaintiff has obviously not complied with that rule, and after considering the other relevant factors, *see United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 ($2^d$ Cir. 2004), I conclude that this action should be dismissed for failure to prosecute.

## CONCLUSION

This action is dismissed for failure to prosecute, pursuant to Rule 41.2 of the Local Rules for the Western District of New York. Plaintiff's motion for summary judgment (Dkt. #81) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 17, 2008.